**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **FRANCISCO MAGALLANEZ AND MARIA MAGALLANEZ,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO.: 5:16-cv-1131** |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AND MARC MERRITT,** | § § § § | |
| **Defendants.** | § | |

**DEFENDANT ALLSTATE FIRE AND CASUALTY**
**INSURANCE COMPANY'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Allstate Fire and Casualty Insurance Company ("Defendant" or "Allstate"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

**I.    INTRODUCTION**

1.      This is an insurance coverage and bad faith case.  On or about October 4, 2016, Plaintiffs Francisco Magallanez and Maria Magallanez ("Plaintiffs") filed their Original Petition in Cause No. 2016CI17354 in the 37th Judicial District Court of Bexar County, Texas, initiating a civil cause of action against Allstate Fire and Casualty Insurance Company ("Allstate") and Marc Merritt ("Merritt") (collectively "Defendants").  Exhibit D.

2.      Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant Allstate.  Additionally, Merritt has been fraudulently joined for the purpose of defeating diversity.

3.      Plaintiffs allege multiple intermingled causes of action against Defendants related

to Defendants' handling of an insurance claim submitted by Plaintiffs. Plaintiffs specifically allege breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of duty of good faith and fair dealing, and fraud against both Allstate and Merritt. Plaintiffs further allege that Defendants' conduct was committed "knowingly" as that term is defined in the Texas Insurance Code. Plaintiffs seek damages "that exceed the sum of $200,000, including exemplary and punitive damages, penalties, attorneys' fees, interest and costs. Plaintiffs will not seek or accept damages and/or [an] award that may be rendered in the above-captioned matter in excess of $1,000,000." Exhibit D., p. 15.

4.      Allstate received the Citation and Plaintiffs' Original Petition by personal delivery on or about October 11, 2016. Exhibits E and G. Allstate filed its Original Answer on November 4, 2016. Exhibit I. Merritt received the Citation and Plaintiffs' Original Petition by personal delivery on or about October 11, 2016. Exhibits F and H. Merritt filed his Original Answer on November 4, 2016. Exhibit J.

5.      Allstate now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## II.    GROUNDS FOR REMOVAL

6.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.    Complete Diversity Exists Between the Parties.

7.      According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiffs  were and still are, domiciled in Bexar County, Texas.  In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of

citizenship. *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564 ( 5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

8.    Defendant Allstate Vehicle and Property Insurance Company is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois. Defendant is now, and was at the time this action was commenced, a citizen of the State of Illinois.

9.    Although Defendant Merritt is a citizen and resident of the State of Texas, he has been "fraudulently joined" in this lawsuit in that the Plaintiffs have not asserted any valid claim against him and joined him in this lawsuit solely in an effort to defeat diversity jurisdiction. A defendant may be disregarded as a party for purposes of establishing diversity if the court determines that the joinder is an improper device to defeat diversity jurisdiction and prevent removal. *Madison v. Vintage Pet., Inc.,* 114 F.3d 514 (5th Cir. 1997); *Smallwood v. Illinois Cen. Rail Co.,* 385 F.3d 568, 571 (5th Cir. 2004) *In re Benjamin Moore & Co.,* 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921) (the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

10.    To establish that a non-diverse defendant has been improperly joined, the removing party must prove: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. *See Ross* v. *CitiFinancial, Inc.,* 344

F.3d 458,461-62 (5th Cir. 2003); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H–09–1728, WL 3602043, *3 (S.D. Tex. Oct. 27, 2009) (Werlein, J.). However, whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). In the instant case, this Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on Merritt . *See Ross,* 344 F.3d at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. *Id.* In evaluating that question, the Fifth Circuit has held that the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *See Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross,* 344 F.3d at 462-63); *accord Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003).

11.     In order to assert a cognizable claim, Plaintiff must put defendants on fair notice of the allegations against them, not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09–cv–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such provisions were "legal conclusions couched as factual allegations," which do not provide a reasonable possibility of recovery). In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer. *See, e.g., Okenkpu v. Allstate Texas Lloyd's*, No. H–11–2376, 2012 WL

1038678 (S.D. Tex. March 27, 2012) (Harmon, J.); *Centro Cristiano Cosecha Final, Inc. v. The Ohio Cas. Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011) (Harmon, J); *Gonzales v. Homeland Ins. Co. of New York,* No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011) (Harmon, J.); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011) (Harmon, J.); *Jiminez v. Travelers Indem. Co.,* No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. Mar.25, 2010) (Harmon, J.); *Glen Willow Apartments v. Lexington Ins. Co.,* No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001) (Harmon, J.).

12.     Plaintiffs' factual allegations regarding Defendant Merritt does not form the basis for a meritorious or independent cause of action against him as opposed to the carrier.  Rather, Plaintiffs have filed suit against Merritt for the same reasons that Plaintiff filed suit against Allstate.  Plaintiffs are unhappy that Allstate denied "full" payment to them.

13.     Texas law does not contemplate that adjusters like Merritt will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Servs., Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) (adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims).  Claims against an individual adjuster for "insufficient investigation and undervaluing the claim, incorporated into a report to [the carrier], is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code § 541.060(a), the DTPA, Business & Commerce Code §§ 17.41 et seq., and common law fraud." *See Centro Cristiano Cosecha Final v. The Ohio Cas. Ins. Co.*, No. 4:10-cv-01846, Memorandum Opinion dated January 20, 2011, p. 38; *see also Okenkpu v. Allstate Texas Lloyd's*, 2012 WL 1038678 (S.D. Tex. 2012) (Harmon, J.) (finding allegations virtually identical to those asserted by

Plaintiff in the instant case insufficient to establish the possibility of a claim against the adjuster).  In addition, the Fifth Circuit has held, "there is no reasonable possibility that Texas would allow recovery under [former] Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA) against an insurance company employee, who in the course of his employment engages in the business of insurance, in the absence of evidence sufficient to sustain a finding that that employee himself committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see also Mainali Corp. v. Covington Specialty Insurance Co.,* No. 3:15-CV-1087-D, 2015 WL 5098047, 3:15-CV-1087-D (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *One Way Investments v. Century Surety Company*, No. 3:14-CV-2839-D, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (finding almost identical allegations against an adjuster insufficient to assert a cognizable cause of action against the adjuster); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, *inter alia*, that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to coverage at issue); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, *4 (S.D. Tex. 2009) (conclusory allegations regarding "some involvement" by adjuster assigned to investigate claim after initial denial was not sufficient to support claims of fraud and Insurance Code violations); *Ford v. Prop. & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 (S.D. Tex. 2009) (pleading that individual defendant was one of the adjusters assigned to Plaintiffs' claim was not sufficient to satisfy obligation under Texas law to allege that the adjusters, as individuals, committed the violation that

caused the harm); ); *Lopez v. United Property & Casualty Ins. Co.*, 2016 WL 3671115, CA NO. 3:16-CV-0089 (S. D. Tex. July 11, 2016).

14.     Plaintiffs do not allege specific facts regarding any particular misrepresentations made by Merritt, nor do Plaintiffs allege any specific detrimental reliance and injury from any such representation.  Further, Texas courts have held that post-loss misrepresentations do not give rise to DTPA or Insurance Code liability. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1990), *overruled on other grounds, Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1979); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014, *8 (Tex. App.—Texarkana 2006, no pet.); *Avila v. Loya*; 2005 WL 1902120, *5 (Tex. App.—Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied).  Moreover, the Texas Supreme Court has recently noted that a dispute over whether a claim was factually within the policy's terms was not sufficient to be a misrepresentation under the Texas Insurance Code.  *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012).

15.     Plaintiffs jointly allege the exact same causes of action against Merritt that they allege against Allstate. *See* Exhibit D.  In asserting these causes of action, Plaintiffs make the exact same boilerplate allegations jointly against Merritt and Allstate  by generically reciting sections of the Insurance Code and the DTPA without any factual specificity.  *Id.*   Plaintiffs have made no effort whatsoever to distinguish between the conduct of the different defendants or the alleged damages attributable to same.  *Id.*  Furthermore, Plaintiffs pray for exactly the same relief from both of the defendants in the case, without specifying the portion of liability believed to be attributable to any one Defendant, including Merritt. *See* Exhibit D., pp. 15-16.  Because Plaintiffs have failed to specifically plead and, hence, cannot demonstrate that they have a reasonable possibility of recovery against Merritt, he was improperly joined in this action.  *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th

Cir. 2004) (carrier had "objectively reasonable grounds for believing that the removal was proper" where there was "no specific evidence" of wrongdoing on the adjuster's part); *Alvarez v. Liberty Mut. Fire Ins. Co.,* 2011 WL 1100246, at \*3 (S.D.Tex. Mar.22, 2011) (Harmon, J.) (holding that a "near verbatim recitation of Chapters 541 and 542 of the Texas Insurance Code is insufficient" to support plaintiff's allegations against the adjuster); *Jimenez v. Travelers Indem. Co.,* No. H–09– 1308, 2010 WL 1257802, at \*2 (S.D.Tex. Mar.25, 2010) (Harmon, J.) (finding improper joinder because "plaintiffs have failed to identify any actionable conduct by [the adjuster] because they have not identified any specific misrepresentations that [the adjuster] has made"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07–CV–988, 2008 WL 4533729, at \*6 (E.D.Tex. Sept.29, 2008) (Hines, M.J.) (finding petition merely listing violations of the Insurance Code did not state a claim against the adjuster because "[u]ltimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code"); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* Civ. A. No. H–09–1728, WL 3602043, at \*3 (S.D.Tex. Oct. 27, 2009) (Werlein, J.) ("near verbatim recitation of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable possibility of recovery) (citations omitted); *Weber Paradise Apartments, LP v. Lexington Ins. Co. .,* 2013 WL 2255256, at \*8 (N.D.Tex. May 23, 2013) (Lindsay, J.) (quoting *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir.1999) ("The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.' ")); *DeCluette v. State Farm Lloyds,* 2013 WL 607320, at \*3 (N.D.Tex. Feb.19, 2013) (Boyle, J.) (holding that plaintiff did not show

reasonable basis to predict recovery against adjuster because plaintiff made only conclusory allegations, recited elements of causes of action, and "repeatedly refer[red] to the allegedly wrongful conduct as taken jointly by 'Defendants' ... without specifying the conduct taken by each separately").

16.     Further, most, if not all of Plaintiffs' causes of action against Merritt are invalid on their face.  For instance, Merritt  cannot be held liable under any section of Chapter 542 of the Insurance Code. Chapter 542 only applies to specifically listed "insurers," and Merritt, an adjuster, is not an insurer. *See* Tex. Ins.Code Ann. § 542.002; *see also Mainali,* 2015 WL 5098047, *6; (citing *Messersmith,* 10 F.Supp.3d at 723 (holding that adjuster could not be held liable under § 542.060(a) because adjuster is not an insurer).

17.     Plaintiffs' claims against Merritt for breach of the duty of good faith and fair dealing also fail because adjusters for insurance companies are not liable for bad faith to insureds. Adjusters do not owe a duty to insureds because they are not in contractual privity with them. The duty of good faith and fair dealing applies only to insurance carriers; it does not extend to the company's agents or contractors. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 698 (Tex.1994); *see also Ayoub v. Baggett,* 820 F.Supp. 298, 299 (S.D.Tex.1993); *Arzehgar v. Dixon*, 150 F.R.D. 92, 94-95 (S.D.Tex.1993); *Hartford Cas. Ins. Co. v. Walker County Agency,* 808 S.W.2d 681, 686 (Tex.App.-Corpus Christi 1991, no writ).  For the same reasons, Merritt also cannot be liable to Plaintiffs for breach of the insurance policy.

18.     Plaintiffs' DPTA claims and fraud claims also fail.  In federal court, claims under the Texas Deceptive Trade Practices Act and fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b*). Omni USA, Inc. v. Parker–Hannifin Corp*., 798 F.Supp.2d 831, 836 (S.D.Tex.2011); *Berry v. Indianapolis Life Ins. Co*., 608 F.Supp.2d 785, 800

(N.D.Tex.2009) (applying Rule 9(b) to claims under the DTPA and Chapter 541 of the Texas Insurance Code). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir.2015) (citation omitted).  In other words, a plaintiff must plead the "who, what, when, where, and how" of the fraud. *Williams v. Bell Helicopter Textron, Inc.,* 417 F.3d 450, 453 (5th Cir.2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1997)).

19.     In this case, Plaintiffs' allege that Merritt's  evaluation of the damage to their home was inadequate, but they do not point to any specific statements that would satisfy Rule 9(b)'s requirements and allow this Court to find that they have adequately alleged a claim against Merritt for fraud or violations to the DTPA. *See, e.g., Columbia Mut. Ins. Co. v. Cedar Rock Lodge, LLC,* 1:15–CV–111–P–BL, 2016 WL 1073051, at *4 (N.D.Tex. Feb. 3, 2016), report and recommendation adopted, 1:15–CV–0111–P–BL, 2016 WL 1059677 (N.D.Tex. Mar. 17, 2016).

20.     Based upon the allegations in the Plaintiffs' live pleading, there is no reasonable basis for predicting that Texas law will impose liability on Merritt for Plaintiffs' claims or that Plaintiffs can establish a cause of action against him in state court.  Merritt has been improperly joined for the sole purpose of defeating diversity jurisdiction in this court and his citizenship, therefore should be disregarded.  Therefore, complete diversity of citizenship exists between Plaintiffs and Defendants. Furthermore, because Merritt was improperly joined in this action, his consent to removal is not required in this case. *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993).

**C.**      **The Amount in Controversy Exceeds $75,000.**

21.     Additionally, the claims asserted by Plaintiff exceed $75,000.00.  Plaintiffs seek

damages "that exceed the sum of $200,000, including exemplary and punitive damages, penalties, attorneys' fees, interest and costs.  Plaintiffs will not seek or accept damages and/or [an] award that may be rendered in the above-captioned matter in excess of $1,000,000."  Exhibit D., p. 15.

### III.    VENUE

22.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 37th District Court of Bexar County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

### IV.    PROCEDURAL REQUIREMENTS

23.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of the U.S. District Court for the Northern District of Texas, the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Civil Case Information Sheet filed in 37th District Court of Bexar County, Texas on October 4, 2016 |
| D. | Plaintiffs' Original Petition filed in 37th District Court of Bexar County, Texas on October 4, 2016 |
| E. | Citation to Allstate Fire and Casualty Insurance Company issued by the District Clerk of Bexar County, Texas on October 5, 2016 |
| F. | Citation to Marc Merritt issued by the District Clerk of Bexar County, Texas on October 5, 2016 |
| G. | Affidavit of Service pertaining to Allstate Fire and Casualty Insurance Company filed in 37th District Court of Bexar County, Texas on October 13, 2016 |
| H. | Affidavit of Service pertaining to Marc Merritt filed in 37th District Court of Bexar County, Texas on October 14, 2016 |
| I. | Defendant Allstate Fire and Casualty Insurance Company's Original Answer filed in |

| | 37th District Court of Bexar County, Texas on November 4, 2016 |
|---|---|
| **J.** | Defendant Marc Merritt's Original Answer filed Answer filed in 37th District Court of Bexar County, Texas on November 4, 2016 |
| **K.** | List of Counsel of Record |

24.     This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiffs' Original Petition, and is thus timely filed under 28 U.S.C. §1446(b).  There exists an actual and justiciable controversy between Plaintiffs and Defendant Allstate with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

25.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

26.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

27.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 37th Judicial District Court of Bexar County, Texas promptly after filing of same.

28.     Plaintiffs have made a jury demand.

## V.     <u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Fire and Casualty Insurance Company respectfully requests that the above-captioned action now pending in the 37th Judicial District Court of Bexar County, Texas be removed to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully Submitted,


/s/ W. Neil Rambin

W. NEIL RAMBIN
State Bar No. 16492800
rambindocket@sedgwicklaw.com
SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@sedgwicklaw.com
L. KIMBERLY STEELE
State Bar No. 04127600
kimberly.steele@sedgwicklaw.com
SEDGWICK LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201
(469) 227-8200
(469) 227-8004 (Fax)

**ATTORNEYS FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on the 10th day of November, 2016.

Carlos E. Solis
SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249

*/s/ L. Kimberly Steele*
L. KIMBERLY STEELE